United States District Court
Southern District of Texas
**ENTERED**
July 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO SOTO AGUILAR, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05486 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Rolando Soto Aguilar filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 10, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention lacks statutory authority and violates the Due Process Clause of the Fifth Amendment. Id at ¶¶20–43.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It maintains that Petitioner is lawfully detained under 8 USC §1231(a)(6) pursuant to a final order of removal. Id at 5; see Dkt 5-5 (order of removal). It also states that Petitioner's detention of less than a month is far short of the presumptively reasonable six-month duration stated in *Zadvydas v Davis*, 533 US 678, 701 (2001). Dkt 5 at 4–5. It also argues that, by failing to address the *Zadvydas* framework regarding detention

pending removal, Petitioner fails to carry his burden to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id at 7–8, citing *Zadvydas*, 533 US at 701.

Petitioner on reply doesn't address the substance of the Government's motion. Dkt 6. He also notably doesn't respond to its assertion that his detention proceeds under 8 USC §1231(a)(6). Nor does he address the related *Zadvydas* framework regarding likelihood of removal. See Dkt 6. He instead argues that the Government hasn't "produced a complete administrative record sufficient to permit meaningful judicial review of Petitioner's constitutional and statutory claims." Id at 2.

The record establishes that Petitioner is subject to a final order of removal. Dkt 5-5; see Dkt 5-6 (BIA decision affirming order of removal). As such, the *Zadvydas* framework regarding detention pending removal governs. The undersigned considered that framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). That analysis is incorporated. In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

There is some discrepancy between the parties as to when Petitioner's current detention began. Petitioner asserts that he was detained on June 9, 2026. Dkt 1 at 2. The Government states, with supporting evidence, that Petitioner was taken into custody on July 9, 2026. Dkt 5 at 2; see Dkts 5-4 at ¶27 (declaration of deportation officer) & 5-8 at 1 (notice of revocation of release dated July 9, 2026). Petitioner doesn't contend otherwise on reply. For

2

relevant purposes here, then, it is determined that the lawfulness of detention must be analyzed as though it began on July 9, 2026.

Petitioner's detention of approximately three weeks is without question presumptively reasonable under *Zadvydas*, and "any challenge to his continued post-removal order detention is premature." See *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011). But even under his own account, Petitioner has been in detention for under two months.

Beyond that, Petitioner doesn't even attempt to argue under the *Zadvydas* framework that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 US at 701. Instead, he relies on *Zadvydas* for the general proposition that "[f]reedom from imprisonment . . . lies at the heart of the liberty that Clause protects." Dkt 1 at ¶50, citing 533 US at 690. That entirely ignores the actual holding of *Zadvydas*, which construed the detention statute under the constitutional-avoidance canon, while nevertheless recognizing a *presumptively reasonable* six-month period of post-removal order detention. 533 US at 701. Petitioner's present detention of three weeks, then, cannot be said to violate substantive due process.

Arguments by Petitioner on reply as to the adequacy of the present record are also meritless. Dkt 6. The Government attached nine exhibits to its motion for summary judgment. The motion establishes, with supporting evidence, that Petitioner is subject to a final order of removal, and that he has been in detention under three weeks. Petitioner on reply doesn't contend otherwise. As such, his detention remains presumptively reasonable under *Zadvydas*. And although Petitioner doesn't identify any specific regulations that he claims were violated with respect to revocation of his prior order of supervision, the Government attached exhibits indicating that he received notice of "changed circumstances" and an informational interview as required by 8 CFR §241.13(i). Dkts 5-8, 5-9 & 5-10.

3

The motion by the Government is thus well-supported both by law and by evidence. Conclusory assertions to the contrary by Petitioner don't undermine the lawfulness of his detention.

Petitioner hasn't established that his current detention violates either the Constitution or federal law. The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Rolando Soto Aguilar is DENIED. Dkt 1.

All other pending motions are DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 28, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge